11-2687-ag
Bello v. Holder
BIA
McManus, IJ
A096 262 924

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

AMADOU BELLO, AKA VIALET FAME,
> *Petitioner,*

v.                                          11-2687-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Theodore Vialet, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Amadou Bello, a native and citizen of the Central African Republic, seeks review of a June 8, 2011, order of the BIA affirming the May 24, 2005, decision of Immigration Judge ("IJ") Margaret McManus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bello*, No. A096 262 924 (B.I.A. June 8, 2011), *aff'g* No. A096 262 924 (Immig. Ct. N.Y. City May 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B), (D); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006).

2

**I.   Well-Founded Fear of Future Persecution**

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear.  *See* 8 C.F.R. § 1208.13(b)(1).  The agency must provide a reasoned basis for finding that changed country conditions rebut the presumption of a well-founded fear of persecution where the petitioner suffered past persecution.  *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007).

In this case, the record supports the agency's finding that there has been a change in country conditions in the Central African Republic sufficient to rebut the presumption of a well-founded fear of future persecution. The agency found that Bello was persecuted by the military because it suspected him of providing financial support to a group that attempted to overthrow the government.  However, in finding that there was a fundamental change in circumstances in the Central African Republic, the agency noted that the former president, who controlled the military

3

and ordered reprisals against those who supported the failed coup, had ultimately been overthrown in a military coup, and that there was no evidence of ongoing persecution of supporters of earlier attempted coups. *See Passi v. Mukasey*, 535 F.3d 98, 103 (2d Cir. 2008). Accordingly, substantial evidence supports the agency's finding that there has been a fundamental change in circumstances in the Central African Republic, rebutting the presumption of Bello's well-founded fear of future persecution.

To the extent that Bello contends that he has an independent well-founded fear of future persecution, separate and distinct from the past persecution, substantial evidence supports the agency's finding that Bello has not shown a reasonable possibility of harm on account of a protected ground if he is to return to the Central African Republic. *See* 8 C.F.R. § 1208.13(b)(2)(i). Bello argues that he has a well-founded fear of persecution in the Central African Republic because reports indicate that the government engages in human rights abuses in its struggle against various armed factions. However, high levels of general crime and violence are insufficient to establish a well-founded fear of persecution. *Melgar de Torres v. Reno*,

4

191 F.3d 307, 314 (2d Cir. 1999). Moreover, Bello does not contend that he would be individually targeted for any particular reason. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent solid support in record, an applicant's fear is "speculative at best"). Because Bello was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See* 8 C.F.R. § 1208.16(b); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. Humanitarian Asylum**

In certain circumstances, an IJ may grant asylum to an applicant who has established past persecution but not a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Humanitarian asylum has been reserved for applicants who have suffered "atrocious forms of persecution," *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989), or who may suffer "other serious harm upon their return," 8 C.F.R. § 1208.13(b)(1)(iii); *see Matter of L-S-*, 25 I. & N. Dec. 705, 713-14 (BIA 2012). To merit a grant of humanitarian asylum on the basis of severe past persecution, an applicant must demonstrate "long-lasting physical or

mental effects of his persecution." *Omaro Jalloh v. Gonzales,* 498 F.3d 148, 152 (2d Cir. 2007). The IJ noted that Bello was pushed to the ground, kicked, tied-up, and beaten to the point where he lost consciousness; his house and business were destroyed; and he was told to leave the country. On the basis of these findings, the IJ concluded, and the BIA affirmed the conclusion, that while Bello's past persecution was unfortunate, it was not so severe that he should be granted asylum as a matter of discretion, considering the substantial changes in the Central African Republic. The agency did not abuse its discretion in finding that the past persecution suffered by Bello did not merit a grant of humanitarian asylum on the basis of severe past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A); 8 U.S.C. § 1252(b)(4)(D); *Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir. 2006) (upholding denial of humanitarian asylum to supporter of Albanian Democratic Party who had been beaten and harassed on six occasions).

Likewise, the agency did not abuse its discretion in concluding that Bello had not established a reasonable possibility that he would suffer other serious harm if he returned to the Central African Republic. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B). While the IJ and BIA did not

6

expressly discuss whether Bello would suffer "other serious harm" upon return to the Central African Republic, *see id.*, the BIA concluded that Bello's fear of future harm was "not sufficiently severe to qualify him for humanitarian relief" (R. 4).  In addition, Bello did not raise this point before the agency.  Finally, in light of the IJ's otherwise careful findings, here, remand would be futile because it is clear that the same decision would be reached.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 388 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7